Citation Nr: 1829741 
Decision Date: 07/24/18 Archive Date: 08/02/18

DOCKET NO. 15-13 050 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUE

Entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

B. Isaacs, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1960 to February 1964.

This matter is before the Board of Veterans' Appeals (Board) on appeal from an September 2014 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In March 2018, the Veteran was afforded a Travel Board hearing with the undersigned Veterans Law Judge.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C. § 7107(a)(2).


FINDING OF FACT

The Veteran has PTSD as a result of an in-service stressor.


CONCLUSION OF LAW

The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Legal Criteria

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1131; 38 C.F.R. § 3.303. "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (i.e., under the criteria of DSM); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Analysis

The Veteran requested service connection for PTSD due to in-service trauma related to being forced to swim during service training. The Veteran submitted a March 2014 statement in which he indicated part of the training required during boot camp with the Marines is to pass a specific swimming test. Unfortunately, he stated, he was unable to swim. He indicated he was informed that the life guards in the Marines would safely teach him how to swim and therefore, he was willing to learn. However, he reported that during the swimming exercises, he was "forced" to repeatedly jump from a ten foot high diving board into fourteen feet of water which was traumatic for him. The Veteran stated these incidents occurred every day for two weeks, and for two weeks per year until his discharge. He noted that he would struggle to the surface while trying to swim and was mocked and tormented by the life guards who would carry a long pole. He stated this trauma instilled a fear in him, as well as anxiety, low self-esteem, depression, nightmares about drowning and alcoholism which continued thereafter.

In regard to the Veteran's reported in-service stressors, his service treatment and personnel records do not contain any indication of the reported swimming trauma. However, the Board notes that it is highly likely as a member of the Marine Corps for four years the Veteran was required to partake in swimming training and exercises. The Joint Services Records Research Center made a finding in April 2014 that the Veteran's reported stressors could not be verified. However, the Board notes that this is not the type of in-service stressor which would be reported or verifiable.

With regard to a current diagnosis, the Veteran receives treatment through the VA Medical Center and a current PTSD diagnosis has been established from such treatment. January 2014 and February 2014 VA treatment records indicated diagnoses of PTSD and major depressive disorder. Additionally, March 2017 and April 2017 VA treatment notes from a psychologist indicated a diagnosis of PTSD. The physician further indicated the diagnosis was based on DSM-5 criteria. Thus, the Veteran has a diagnosis of PTSD.

With regard to causation, a December 2013 VA treatment record indicated the Veteran reported being mocked and made fun of by life guards during service for his inability to swim. He indicated he excelled in every other field during service and swimming was his biggest obstacle. Following service, he reported feeling embarrassed from his struggles with water. The Veteran reported that he blamed the life guards during service for allowing him to struggle and be humiliated, and that he continues to suffer from nightmares, as well as ruminative thoughts.

An August 2014 VA opinion was submitted in which the physician noted she had treated the Veteran for psychiatric symptoms since 2005 and that his current diagnoses include PTSD and major depression. The examiner acknowledged the Veteran's terror and helplessness with being forced to swim in service and that this trauma was the main reason he left the service, abandoning his plan to be in the military for his career. The examiner indicated the Veteran's experiences had repercussions which have interfered with his functioning and caused clinically significant stress. She stated he has sleep problems, including nightmares involving drowning, and his poor sleep has led to impairment in concentration. She noted symptoms of avoidance, irritability, with triggering symptoms that had worsened throughout the previous years. The examiner concluded that based on the Veteran's consistent history reported over the years, it is more likely than not that he did experience the reported trauma during service and that the trauma has a persistent and negative impact on his functioning.

Thereafter, a VA psychologist's opinion was received in May 2015. She stated following little improvement in the Veteran's anxiety and depression, it became evident that the Veteran's military trauma was having a more pervasive impact on his functioning than was initially apparent. She indicated this led to a diagnosis of PTSD and referral for cognitive processing therapy to improve his symptoms and minimize their impact on his functioning. The Veteran reported increased irritability and that he became more aware of all he had missed in his life due to avoidance and hypervigilance associated with his trauma. This included not attending the beach or a pool with his children and avoiding family vacations involving water. The physician noted the Veteran is awakened regularly with nightmares of drowning. She indicated, based on his reports, his military trauma has persisted in having a negative and pervasive impact on his daily functioning and in his activities with his family.

The Board finds that the evidence of record warrants a grant of service connection for PTSD. In this regard, the Veteran has an established diagnosis of PTSD and the Board concludes his PTSD is related to his in-service stressors of repeatedly being forced to swim when he could not, and being mocked and tormented by life guards.

The Board finds that the Veteran credibly reported his in-service stressors from service and that such events are the type which would likely be unverifiable. Further, the August 2014 VA physician indicated based on the Veteran's consistent history reported over the years, it is more likely than not that he did experience the reported trauma during service. She additionally indicated the trauma continues to interfere with his functioning, causes clinical stress, as well as avoidance, irritability and a negative impact on his functioning. The May 2015 VA psychologist similarly reported that the Veteran's military trauma was having a pervasive impact on his functioning, including causing him to awaken regularly with nightmares of drowning. She concluded the military trauma has persisted in causing a negative impact on his daily functioning.

In sum, the Board finds the record contains credible supporting evidence of the Veteran's reported in-service stressors and further, that he has PTSD as a result of such experiences. 38 C.F.R. § 3.304(f).

Therefore, the probative evidence of record establishes the Veteran's in-service stressors and the probative medical evidence provides a diagnosis of PTSD caused by such stressors. Accordingly, service connection for PTSD is warranted when reasonable doubt is resolved in this favor. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 54.


ORDER

Service connection for PTSD is granted.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs